FILED' 10 AUG 12 09:54 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SOTERO GONZALEZ,

        Petitioner,

v.

BOB MARTINEZ,

        Respondent.

Civil No. 08-782-AC

FINDINGS AND RECOMMENDATION

C. RENEE MANES
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

        Attorney for Petitioner

JOHN R. KROGER
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner's Request for Evidentiary Hearing should be DENIED, and the Petition for Writ of Habeas Corpus should be DISMISSED as untimely.

## BACKGROUND

On July 24, 1992, a Malheur County grand jury indicted Petitioner on charges of using a child in a display of sexually explicit conduct, rape, sodomy, sexual abuse, and incest. The charges arose from allegations that Petitioner abused his son and daughter in 1990. Petitioner's son was three years old and his daughter was two years old at the time of the alleged conduct.

The case was tried to a jury. The jury convicted Petitioner on all charges, and the trial judge sentenced him to a total of 320 months of imprisonment and 222 months of post-prison supervision.

Petitioner filed a direct appeal. The Oregon Court of Appeals affirmed from the bench. *State v. Gonzales*, 129 Or. App. 306, 879 P.2d 245 (1994). Petitioner did not seek review from the Oregon Supreme Court. The appellate judgment was entered September 16, 1994.

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, but the Oregon Court of Appeals dismissed the appeal for failure to timely file an opening brief. Resp. Exh. 128. Petitioner did not seek review from the Oregon Supreme Court. The appellate judgment was entered September 22, 1999.

On July 29, 2004, Petitioner filed a successive PCR petition. Petitioner asserted three claims challenging his sentence, and one claim based on the alleged recantation of the victims. The PCR trial court dismissed the successive PCR petition as untimely. Petitioner appealed. The Oregon Court of Appeals summarily affirmed and the Oregon Supreme Court denied review. Resp. Exhs. 126-131. The appellate judgment was entered on January 12, 2007.

On June 27, 2008, Petitioner filed his federal habeas corpus action. In his Petition for Writ of Habeas Corpus he alleges three claims for relief:

> **Ground One:** Claim of actual innocence and prosecutorial misconduct based on new evidence that could not previously have been discovered.
> **Supporting Facts:** Alleged witnesses have recanted testimony that they were coerced into testifying to at trial, and new testimony that the District Attorney took an active part in this coercion to one other of the states witness.
>
> **Ground Two:** Filing Federal Habeas within a year of discovering that evidence.
> **Supporting Facts:** Petitioner received letters dated within a year explaining what took place to gain the conviction against petitioner, and petitioner received dated and notarized statements.
>
> **Ground Three:** Petitioner does not believe he has any available remedy in state court.
> **Supporting Facts:** Petitioner has received newly discovered evidence in the form of letters from the alleged victims. He knows of no avenue in which he can present these to the state court for remedy. He has spoken with the Federal Public Defender's Office who instructed him to file his petition in hope that he can receive the relief he is seeking.

Petitioner concedes his habeas corpus petition is untimely under the one-year limitations period of 28 U.S.C. § 2244(d)(1). Petitioner argues, however, that his petition should not be dismissed as time-barred and that he should be afforded an evidentiary hearing because (1) the statute of limitations should be equitably tolled, and (2) he is "actually innocent" of the charges for which he was convicted and dismissal of his petition would result in a miscarriage of justice.

3 - FINDINGS AND RECOMMENDATION -

## DISCUSSION

### I. Equitable Tolling

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking habeas relief to do so within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Supreme Court recently decided that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010).

In order to establish entitlement to the equitable tolling of a limitations period, the petitioner bears the burden of establishing two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing. *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))."

In his second PCR proceeding, Petitioner alleged a claim based upon newly discovered evidence in the form of recanted testimony from the alleged victims and from his wife. Resp. Exh. 122. Petitioner submitted exhibits in this proceeding which include a copy of a letter from his daughter dated May 5, 2004, addressed to "Your Honorable Judge." In the letter, Petitioner's daughter states she was coached to testify against Petitioner and only did so because her mother and grandmother told her to.

More than one year elapsed between the time Petitioner's second PCR proceeding became final and the time he filed his habeas corpus petition in this court. Petitioner provides no evidence of extraordinary circumstances which prevented him from filing his habeas corpus petition within

4 - FINDINGS AND RECOMMENDATION -

one year after the second PCR proceeding became final. Moreover, he makes no showing as to the second requisite element of equitable tolling -- that he acted diligently in pursuing his rights during that time. As such, equitable tolling of the statute of limitations is not warranted in this case.

## II. Actual Innocence

Petitioner also argues the limitations period should not apply because he is "actually innocent" of the charges for which he was convicted and dismissal of his petition as untimely would result in a miscarriage of justice. In a decision issued after the briefing was completed in this case, the Ninth Circuit held that there is no "actual innocence" exception to the habeas corpus statute of limitations. *Lee v. Lampert*, — F.3d —, 2010 WL 2652505 (9th Cir., July 6, 2010). Thus, even if Petitioner had provided sufficient evidence to support his claim of actual innocence, which he did not do[1], the Petition for Writ of Habeas Corpus must be dismissed as untimely.

---

[1] The "new" evidence submitted by Petitioner in support of his actual innocence claim consists of letters from the victims and his wife which appear to recant their prior disclosures and accusations of abuse. Both victims say they were "coached" immediately prior to trial to testify against Petitioner, and that they did not recall the abuse alleged. However, substantial evidence was presented at trial that the victims first disclosed the abuse spontaneously to their grandmother and foster parents, that both children made statements consistent with the charges before any formal evaluation took place, and that once the formal investigation was initiated, both children disclosed on more than one occasion the extent to which Petitioner engaged in abusive activities. Moreover, an examining physician testified that Petitioner's daughter showed physical signs of repeated abuse and Petitioner's wife, the children's mother, testified that the abuse occurred and described the contents of the explicit photographs of the children in detail. In light of all of the evidence (old and new), a reasonable juror could have convicted Petitioner on the charges alleged. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to demonstrate actual innocence a petitioner must demonstrate that, in light of *all* of the evidence, it is more likely than not that no reasonable juror would have convicted him light of the new evidence).

5 - FINDINGS AND RECOMMENDATION -

### III. Evidentiary Hearing

Finally, Petitioner seeks an evidentiary hearing as an opportunity to litigate his claim that the Petition should not be dismissed as untimely. However, Petitioner has not shown the court that a hearing is warranted.

With respect to Petitioner's equitable tolling argument, "[a] habeas petitioner ... should receive an evidentiary hearing when he makes a 'good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy*, 465 F.3d at 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)). As noted, equitable tolling for a federal habeas petition requires that the petitioner show he has been diligently pursuing federal habeas relief and that some extraordinary circumstances stood in his way.

Petitioner does not allege, nor is there evidence in the record, that he was diligently pursuing federal habeas relief between the time his second PCR petition was final and the time he filed his federal habeas corpus petition and that some extraordinary circumstances stood in his way. Therefore, he would not be entitled to equitable tolling and an evidentiary hearing on this issue is not warranted. Moreover, no evidentiary hearing is necessary on the actual innocence claim, since that claim was foreclosed by the Ninth Circuit's decision in *Lee v. Lampert, supra*.

### **RECOMMENDATION**

For these reasons, Petitioner's request for an evidentiary hearing should be DENIED, the Petition for Writ of Habeas Corpus should be DISMISSED as untimely, and a Judgment of Dismissal should be entered. Should Petitioner appeal, a certificate of appealability should be

DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due August 25, 2010. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 17th day of August, 2010.

John V. Acosta
United States Magistrate Judge